**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jose Manuel Castillo-Arroyo, | ) | No. CV 11-2404-PHX-RCB (MEA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Alec Niziolek, et al., | ) | |
| Defendants. | ) | |

Plaintiff Jose Manuel Castillo-Arroyo, who is confined in the Corrections Corporation of America's Eloy Detention Center in Eloy, Arizona, has filed a *pro se* civil rights Complaint (Doc. 1) pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will dismiss the action.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. Because Plaintiff is an immigration detainee, he is not subject to the provisions of the Prison Litigation Reform Act and will be allowed to proceed without payment of the filing fee. Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005); Agyeman v. INS, 296 F.3d 871, 885-86 (9th Cir. 2002).

**II.    Statutory Screening**

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted *in*

1  *forma pauperis status*, the Court

> shall dismiss the case at any time if the court determines that . . . the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court

should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

**III. Complaint**

In his three-count Complaint, Plaintiff sues the following Defendants: "DHS/ICE" Assistant Chief Counsel Alec Niziolek, Immigration Judge James Devitto, and the "DHS/ICE Chief Counsel Office."

In Count One, Plaintiff alleges that Defendant Niziolek committed perjury and violated Plaintiff's Fifth Amendment due process rights by making false statements in Plaintiff's removal proceedings. In Count Two, Plaintiff alleges that Defendant Devitto made false and/or erroneous statements and violated Plaintiff's due process rights in Plaintiff's removal proceedings. In Count Three, Plaintiff alleges a violation of the Fourth Amendment prohibition against unreasonable searches and seizures because Defendant DHS/ICE Chief Counsel Office "trespass[ed] and seiz[ed a document] from the U.S.C.I.S. Office" and used that document against Plaintiff in his removal proceedings.

In his Request for Relief, Plaintiff seeks the dismissal of the removal proceedings against him or judgment in his favor in those proceedings. He also seeks monetary damages.

**IV. Dismissal of Complaint**

    **A. Dismissal or Judgment in Deportation Proceedings**

To the extent Plaintiff seeks to have his removal proceedings dismissed or for a judgment in his favor in those proceedings, this Court is not the appropriate place to seek such relief.

Plaintiff has been found to be removable and states that the immigration judge "deported the plaintiff by mail." The exclusive means for obtaining judicial review of an order of removal is a petition for review filed in the appropriate court of appeals. 8 U.S.C. § 1252(a)(5). The Ninth Circuit Court of Appeals has specifically held that § 1252(a)(5)

strips the district courts of jurisdiction over challenges to removal orders. <u>Iasu v. Smith</u>, 511 F.3d 881 (9th Cir. 2007). Accordingly, the Court lacks jurisdiction to dismiss Plaintiff's removal proceedings or enter judgment in his favor in those proceedings.

### B. Counts One and Two and Defendants Niziolek and Devitto

Prosecutors are absolutely immune from liability for damages under 42 U.S.C. § 1983 or <u>Bivens</u>[1] for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 270 (1993) (quoting <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430-31 (1976)). Immunity even extends to prosecutors for "eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings." <u>Buckley</u>, 509 U.S. at 270.

Judges are absolutely immune from § 1983 and <u>Bivens</u> suits for damages for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978) (quoting <u>Bradley v. Fisher</u>, 80 U.S. 335, 351 (1871)); <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. <u>Stump</u>, 435 U.S. at 362; <u>Crooks v. Maynard</u>, 913 F.2d 699, 700 (9th Cir. 1990). This immunity attaches even if the judge is accused of acting maliciously and corruptly, <u>Pierson v. Ray</u>, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure. <u>See</u> <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1204 (9th Cir. 1988).

. . . .

In <u>Butz v. Economou</u>, 438 U.S. 478, 513 (1978), the Supreme Court stated that "adjudication within a federal administrative agency shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suits for damages." The Supreme Court held that both the individual who presides over

---

[1] "Actions under § 1983 and those under <u>Bivens</u> are identical save for the replacement of a state actor under § 1983 by a federal actor under <u>Bivens</u>." <u>Martin v. Sias</u>, 88 F.3d 774, 775 (9th Cir. 1996) (quoting <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991)).

an agency hearing and performs "adjudicatory functions within a federal agency" and the "agency attorney who arranges for the presentation of evidence on the record in the course of an adjudication," are absolutely immune for damages liability. Id. at 514-17. See also Fares v. United States Immigration and Naturalization Service, 29 F. Supp. 2d 259, 262-63 (W.D.N.C. 1998) (INS counsel absolutely immune for having engaged in *ex parte* conversations with an immigration judge and having "uttered 'derogatory falsehoods'" to an immigration judge).

Thus, the Court will dismiss Plaintiff's claims for damages in Counts One and Two against Defendants Niziolek and Devitto.

### C. Count Three and Defendant DHS/ICE Chief Counsel Office

A Bivens action is only available against federal officers, not agencies of the federal government. F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994). Thus, Court will dismiss Defendant DHS/ICE Chief Counsel Office and Count Three.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) The Complaint (Doc. 1) is **dismissed**, and the Clerk of Court must enter judgment accordingly.

(3) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 12th day of December, 2011.

_____
Robert C. Broomfield
Senior United States District Judge