**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jose Manuel Castillo-Arroyo, | ) | No. CV 11-2404-PHX-RCB (MEA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Alec Niziolek, et al., | ) | |
| Defendants. | ) | |

On December 6, 2011, Plaintiff Jose Manuel Castillo-Arroyo, who is confined in the Corrections Corporation of America's Eloy Detention Center in Eloy, Arizona, filed a *pro se* civil rights Complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and an Application to Proceed *In Forma Pauperis*. In a December 12, 2011 Order, the Court granted the Application to Proceed and dismissed the Complaint without leave to amend because the defects in Plaintiff's Complaint could not be corrected. On December 12, 2011, the Clerk of Court entered Judgment.

On January 18, 2012, Plaintiff filed a Notice of Appeal. He also filed a Motion for Appointment of Counsel (Doc. 7). It is unclear whether Plaintiff is seeking counsel in this closed case or on appeal.

To the extent Plaintiff is seeking the appointment of counsel in this case, the Court will deny his request. There is no constitutional right to the appointment of counsel in a civil case. See Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 269 (9th Cir.

1982). In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved. Id. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). Given the fact that the Court has already dismissed this case, the appointment of counsel is not appropriate.

To the extent Plaintiff is seeking the appointment of counsel on appeal, Plaintiff should file that request with the Ninth Circuit Court of Appeals, not this Court.

Accordingly,

**IT IS ORDERED:**

(1) Plaintiff's Motion for Appointment of Counsel (Doc. 7) is **denied**.

(2) This case must remain **closed**.

DATED this 7th day of February, 2012.

_____
Robert C. Broomfield
Senior United States District Judge